IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| RICHARD ALLEN KELLEY, § | |
| (TDCJ No. 786935) § | |
| VS. § | CIVIL ACTION NO.4:04-CV-671-Y |
| § | |
| BARRY J. ALFORD, et al. § | |

OPINION and ORDER OF DISMISSAL

This is a *pro-se,* civil-rights action filed by Texas Department of Criminal Justice (TDCJ) inmate Richard Allen Kelley. As a part of its screening of Kelley's complaint, the Court has reviewed Court records concerning whether he has previously sought relief in federal court, and discovered that he has.[1] Nevertheless, in his complaint in this action, to the question "Have you ever filed *any* other lawsuit in state or federal court relating to your imprisonment?," Plaintiff answered, "No." (Compl. ¶ I(A).) He did this, even though he had sworn under penalty of perjury that all facts presented in his complaint were true and correct, and even though he was expressly warned that "any false or deliberately misleading information provided . . . *will* result in the imposition of sanctions . . . [including] monetary sanctions and/or dismissal of this action with prejudice." (Compl. at 5.)

---

[1] The U.S. Party Case Index reveals 2 suits filed by Richard Allen Kelley (TDCJ No. 786935) under 28 U.S.C. § 2254: *Kelley v. Cockrell,* No. 4:02-CV-828-Y (§ 2254 petition denied); *Kelley v. Cockrell,* No. 4:02-CV-917-Y (§ 2254 petition dismissed.

The Court directed Kelley to show cause why he should not be sanctioned.[2]  In Kelley's response, he writes that "he did not know [petitions] for writ of habeas corpus were law suits . . . that he was confused, a layman to the law, has dyslexia, bad eyesight . . . [and] so much noise and chaos here, 84 people just in this one wing screaming, hollering, slamming dominoes and fighting that Plaintiff marked the wrong answer for question#1(A) on page 2," and he also apologizes for marking the wrong answer.  Although Kelley also claims he did not deliberately misled the Court, the fact remains that he provided false information, under penalty of perjury,  by failing to list the prior lawsuits previously filed in "federal court relating to [his] imprisonment." The question about prior lawsuits in the form complaint is phrased broadly, and the phrase "any" is placed in italics. The wording of that question, combined with the express warning later in the form against not providing any "false or deliberately misleading information," alerts a *pro-se* prisoner of the obligation to be completely forthright in supplying information about suits relating to imprisonment, including all prior suits under § 1983 and § 2254. As a result, the Court determines that, consistent with the express

---

[2]A federal district court has inherent authority to manage its affairs and preserve the authority of the court, including the power to sanction a party. *See Scaife v. Associated Air Center, Inc.,* 100 F.3d 406, 411 (5th Cir. 1996), *citing Chambers v. NASCO,Inc.,* 501 U.S. 32 (1991); *see also Woodson v. Surgitek, Inc.,* 57 F.3d 1406, 1417 (5th Cir. 1995). Such power must be exercised with restraint, and should be confined to instances of "bad faith or willful abuse of the judicial process." *Woodson,* 57 F.3d at 1417 (citations omitted).

warning in **bold** print in the form complaint completed by Kelley, he should be subjected to the imposition of sanctions.

This Court is mindful of its duty to "impose the least severe sanction adequate"[3] to fashion a remedy against Kelley.  A prisoner proceeding in forma pauperis is entitled to have the substance of the allegations in his complaint reviewed by the Court under 28 U.S.C. §§ 1915A and 1915(e)(2)(B).  The questions in the complaint form about prior suits are included to help the Court engage in this process, and to determine if the particular litigant's suit-filing history will bar or otherwise relate to that substantive review.  When an inmate frustrates the Court's desire to obtain those facts by providing false information, he must suffer the consequence of not immediately obtaining that substantive review.  Any sanction short of dismissal of the case would enable an in-forma-pauperis litigant, such as Kelley, who has provided false information, to nevertheless gain his desired review of the newly submitted claims under 28 U.S.C. §§ 1915A and 1915(e)(2)(B).

The Court has considered a monetary sanction and found it to be ineffective in this case.  Kelley's inmate account certification shows that he did not have any financial resources for the several months prior to the filing of this suit. If the Court were to merely assess a monetary sanction against Kelley, yet go forward to review the substantive grounds asserted in this latest case, such

---

[3]*Mendoza v. Lynaugh,* 989 F.2d 191, 196 (5th Cir. 1993).

3

sanction would do nothing to inhibit Kelley (and prisoners in his position) from completing the complaint form with inaccurate and incomplete information. If the Court were to accompany the assessment of a monetary sanction with dismissal of the case and a bar from filing another suit until the monetary assessment were paid, however, such sanction might effectively bar Kelley from filing altogether, which would be too severe. Thus, the Court finds and determines that the appropriate sanction in this case is to dismiss this action without prejudice to Kelley's right to refile.[4]

Therefore, as a sanction for providing false information to the Court in a sworn pleading, the above-styled and numbered action is DISMISSED WITHOUT PREJUDICE.[5]

SIGNED April 10, 2006.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[4] Kelley proceeds in this civil action under 28 U.S.C. § 1915, et seq., and as such, is subject under the Prison Litigation Reform Act ("PLRA") to an outstanding order for the collection of the then applicable filing fee amount of $150.00, when funds become available. If he chooses to refile another suit, Kelley will be subject to another filing fee assessment for the now applicable fee of $350.00. But, consistent with the PLRA fee collection procedures, Kelley will be allowed to pay that fee out of his inmate account, when funds become available.

[5] This dismissal is not a "strike" under 28 U.S.C. § 1915(g).